IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 1613 |
| | ) | Wayne R. Andersen |
| BEKINS VAN LINES, LLC, | ) | District Judge |
| WHITE MOVING & STORAGE, INC., | ) | |
| NATIONAL MOVING & STORAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM, OPINION AND ORDER

This matter is before the court on Defendant White Moving & Storage's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. For the reasons discussed below, the Defendant's motion is granted.

## BACKGROUND

Defendant Bekins Van Lines, LLC ("Bekins") is a Delaware corporation licensed to transact business in the state of Illinois. Defendant White Moving & Storage, Inc. ("WMS") is a Colorado corporation with its principal place of business in Colorado. Defendants WMS and Bekins have an agency agreement for the purpose of providing services for the interstate shipment of household goods.

In June 2005, the Plaintiff, Douglas Brooks ("Brooks"), a resident of Georgia, hired Bekins to transport his personal goods and belongings from Las Vegas, Nevada to Denver, Colorado, and from Avon, Colorado to Alpharetta, Georgia. National Moving & Storage (another Bekins' agent) completed the move from Las Vegas to Denver. Bekins then arranged for WMS to take possession of these items in Colorado and transport them

1

to Brooks' new home in Georgia. The goods were stored at WMS' facility in Denver, Colorado until October 2005. WMS moved Brooks' possessions from Colorado to Georgia between the end of October and the beginning of November 2005. The goods did not travel through the state of Illinois, and were never stored there. When the items arrived at Brooks' new home in Alpharetta, Georgia, he discovered that many of the goods (including pieces of furniture) had been badly damaged during some point of the moving process. Additionally, Brooks has alleged that items were missing, or perhaps even stolen, during the course of the move.

Defendant WMS claims that this court does not have personal jurisdiction over WMS because WMS does not have the requisite "minimum contacts" with the state of Illinois. Brooks argues that his cause of action lies in the wake of commercial activities by which WMS submitted to the jurisdiction of Illinois, therefore giving this court personal jurisdiction over WMS. We do not believe that Brooks has adequately alleged the contacts needed to give this court personal jurisdiction over WMS.

## DISCUSSION

This court has personal jurisdiction over WMS only if an Illinois court has jurisdiction. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1310 (7th Cir. 1990). As the party asserting jurisdiction, Brooks has the burden of providing facts sufficient to establish personal jurisdiction over the nonresident defendant. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1163 (N.D.Ill. 1995). This requires that Brooks meet the traditional two-step process employed by the Illinois courts in analyzing personal jurisdiction. First, Brooks must show that jurisdiction is proper under the Illinois long-arm statute (735 ILCS 5/2-209 (West 2002)). Second, Brooks must show that the exercise of personal

2

jurisdiction comports with the due process standards of the Illinois and United States Constitutions. *See Keller v. Henderson*, 359 Ill.App.3d 605, 611 (2d Dist. 2005), quoting *Spartan Motors, Inc. v. Lube Power, Inc.*, 337 Ill.App.3d 556, 560 (2d Dist. 2003). Illinois' applicable long-arum statute grants jurisdiction on any "basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). Therefore, the two prongs are condensed into one inquiry: whether the court's assertion of jurisdiction over the individual or corporation is consistent with the Due Process Clause of the Fourteenth Amendment. *See Sutherland v. Cybergenics Corp.* 907 F.Supp. 1218, 1221 (N.D.Ill. 1995).

The Illinois Constitution and federal due process require that a defendant have certain "minimum contacts" with the forum state such that maintaining the suit there does not offend "traditional notions of fair play and justice." *Keller*, 359 Ill.App.3d at 612, quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The minimum contacts required must be based on "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Spartan Motors*, 337 Ill.App.3d at 560-561, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). By doing so, the nonresident defendant acquires "fair warning" that he may be haled into court in the forum State. *See Kalata v. Healy*, 312 Ill.App.3d, 761, 768-769 (1st Dist. 2000); *see also Calder v. Jones*, 465 U.S. 783, 790 (1984).

WMS argues that they had absolutely no contact within Illinois in relation to the transportation services provided to Brooks. The property did not originate in Illinois, was not delivered to (or even through) Illinois, and was not stored in Illinois. WMS'

3

only connection with the state of Illinois is through its agency relationship with Bekins, who is headquartered in Illinois. In response, Brooks states that WMS transacted business in Illinois "when it formed an agency relationship with Bekins" and any time WMS communicated with Bekins. The court disagrees that these communications with an Illinois corporation evidence purposeful availment of the benefits and protections of Illinois law and finds any exercise of personal jurisdiction over WMS by an Illinois court unconstitutional.

It is well established in Illinois that telephone calls and written communications sent into Illinois are alone not enough to establish personal jurisdiction over a nonresident defendant. *See Western Textile v. Transprint U.S.A.*, 1996 U.S. Dist. LEXIS 4498, *9 (N.D.Ill. 1996); *Cherry Communications, Inc. v. Coastal Telephone Co.*, 906 F.Supp. 452, 454 (N.D.Ill. 1995); *Pfeiffer v. Insty Prints*, 1993 U.S. Dist. LEXIS 15319 *5 (N.D.Ill. 1993); *Ideal Ins. Agency, Inc. v. Shipyard Marine, Inc.*, 213. Ill.App.3d 675 (2nd Dist. 1991). While it is true that WMS' telephone calls with its principal Bekins do result in business transactions for WMS, these business transactions do not take place in Illinois, which weighs against a finding of personal jurisdiction. *See Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 396 (7th Cir. 1994).

"An out-of-state party's contact with an in-state party is alone not enough to establish minimum contacts." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997), citing *Burger King*, 471 U.S. at 478. Instead, the parties' "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing must indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant." *Stericycle, Inc. v. Sanford,*

4

2002 U.S. Dist. LEXIS 24541, *20 (N.D.Ill. 2002), citing *RAR, Inc.* 107 F.3d at 1277. The communications between WMS and Brooks did not take place in Illinois, and the agreement between the parties required no performance in Illinois. Brooks has not been able to prove that WMS in any way purposefully availed themselves of the privilege of conducting business in Illinois.

Brooks relies on *Milligan v. Soo L.R. Co.,* 775 F.Supp.277 (N.D.Ill.1991) in arguing that WMS' contacts with Illinois were not casual or random. In *Milligan,* the court held that an Alabama company enjoyed the benefits of the laws of Illinois due to the fact that the company "consciously solicited, sold and serviced its products in Illinois," thus "directly engaging in the transaction of business in Illinois." *Milligan,* 775 F.Supp. at 281. Additionally, the plaintiff in *Milligan* was able to point to Illinois sales figures to prove that the defendant was conducting business within Illinois. Brooks has not pointed to such evidence here.

Therefore, the court finds that any contacts cited by Brooks are insufficient to confer personal jurisdiction over WMS in Illinois. The contract between the parties did not take place in Illinois, the goods involved were not shipped through or stored in Illinois, and the evidence of phone calls between WMS and Bekins, are not enough to show that WMS purposefully availed itself of the protections of Illinois law.

## CONCLUSION

For the reasons stated above, the court grants WMS' motion to dismiss for lack of personal jurisdiction.

It is so ordered.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Wayne R. Andersen
　　　　　　　　　　　　　　　　　　　　United States District Court

Dated: _December 1, 2006_