UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 C 1613 |
| | ) | |
| v. | ) | Judge Andersen |
| | ) | |
| BEKINS VAN LINES, LLC, | ) | Magistrate Judge Keys |
| WHITE MOVING & STORAGE, INC., and | ) | |
| NATIONAL MOVING & STORAGE. | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANT BEKINS VAN LINES, LLC'S ANSWERS TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant, Bekins Van Lines, LLC, by and through its attorneys, Dombroff & Gilmore, in

answer and response to the Plaintiff's First Set of Requests for Admission states as follows:

1.  Defendant White stores household goods and furniture.

ANSWER:

Bekins objects to this request, as the same requires speculation and improper
inferences to be drawn by Bekins in order for it to admit or deny this request. This request
is also vague and ambiguous. This request also calls for a legal conclusion as to Defendant
White's relationship with Bekins. Without waiving said objections, Bekins admits that
Defendant White can store household goods and furniture. Bekins denies the remaining
allegations and facts of this request.

2.  Defendant White stores household goods and furniture for Defendant Bekins Van Lines,
    LLC ("Bekins").

ANSWER:

Bekins objects to this request, as the same requires speculation and improper
inferences to be drawn by Bekins in order for it to admit or deny this request. This request
is also vague and ambiguous. This request also calls for a legal conclusion as to Defendant
White's relationship with Bekins. Without waiving said objections, Bekins admits that

**Defendant White can store household goods and furniture for Defendant Bekins. Bekins denies the remaining allegations and facts of this request.**

3. Defendant White stores household goods and furniture for Defendant Bekins' customers.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague and ambiguous. This request also calls for a legal conclusion as to Defendant White's relationship with Bekins. Without waiving said objections, Bekins admits that Defendant White can store household goods and furniture for Defendant Bekins' customers. Bekins denies the remaining allegations and facts of this request.**

4. Defendant White acts as an agent for Bekins in storing household goods and furniture.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague and ambiguous. This request also calls for a legal conclusion as to Defendant White's relationship with Bekins. Without waiving said objections, Bekins admits that Defendant White can act as an agent for Bekins in storing household goods and furniture. Bekins denies the remaining allegations and facts of this request.**

5. Defendant National stores household goods and furniture.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague and ambiguous. This request also calls for a legal conclusion as to Defendant National's relationship with Bekins. Without waiving said objections, Bekins admits that Defendant National can store household goods and furniture. Bekins denies the remaining allegations and facts of this request.**

6. Defendant National stores household goods and furniture for Defendant Bekins.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request**

is also vague and ambiguous. This request also calls for a legal conclusion as to Defendant National's relationship with Bekins. Without waiving said objections, Bekins admits that Defendant National can store household goods and furniture for Defendant Bekins. Bekins denies the remaining allegations and facts of this request.

7. Defendant National stores household goods and furniture for Defendant Bekins' customers.

ANSWER:

Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague and ambiguous. This request also calls for a legal conclusion as to Defendant National's relationship with Bekins. Without waiving said objections, Bekins admits that Defendant National can store household goods and furniture for Defendant Bekins' customers. Bekins denies the remaining allegations and facts of this request.

8. Defendant National acts as an agent for Bekins in storing household goods and furniture.

ANSWER:

Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague and ambiguous. This request also calls for a legal conclusion as to Defendant National's relationship with Bekins. Without waiving said objections, Bekins admits that Defendant National can act as an agent for Bekins in storing household goods and furniture. Bekins denies the remaining allegations and facts of this request.

9. Plaintiff stored his household goods and furniture at a National facility.

ANSWER:

Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. This request also calls for a legal conclusion as to Defendant National's relationship with Bekins. Without waiving said objections, Bekins admits that Plaintiff has stored his household goods and furniture at a National facility. Bekins denies the remaining allegations and facts of this request.

10. Plaintiff hired National to store his household goods and furniture.

ANSWER:

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. This request also calls for a legal conclusion as to Defendant National's relationship with Bekins. Without waiving said objections, deny.**

11. Plaintiff hired National to store his household goods and furniture at White's storage facility.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague and ambiguous. This request also calls for a legal conclusion as to Defendant National's and Defendant White's relationship with Bekins. Without waiving said objections, deny.**

12. Plaintiff Brooks hired National to transport his household goods and furniture from Nevada to Colorado.

**ANSWER:**

**Deny.**

13. Plaintiff Brooks hired National to transport his household goods and furniture from Nevada to White's storage facility in Colorado.

**ANSWER:**

**Deny.**

14. Plaintiff Brooks hired National to transport his household goods and furniture from a storage facility in Nevada to a storage facility operated by White in Colorado.

**ANSWER:**

**Deny.**

15. Plaintiff stored his household goods and furniture at a White facility.

**ANSWER:**

4

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague and ambiguous. This request also calls for a legal conclusion as to Defendant White's relationship with Bekins. Without waiving said objections, Bekins admits that Plaintiff's goods were stored in a White facility. Bekins denies the remaining allegations and facts of this request.**

16. Plaintiff hired White to store his household goods and furniture.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague and ambiguous. This request also calls for a legal conclusion as to Defendant White's relationship with Bekins. Without waiving said objections, Bekins admits that Plaintiff's goods were stored in a White facility. Bekins denies the remaining allegations and facts of this request.**

17. Plaintiff hired White to store his household goods and furniture at White's storage facility.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague and ambiguous. This request also calls for a legal conclusion as to Defendant White's relationship with Bekins. Without waiving said objections, Bekins admits that Plaintiff's goods were stored in a White facility. Bekins denies the remaining allegations and facts of this request.**

18. White failed to exercise such care with respect to Plaintiff's goods and furniture as a reasonably prudent careful person would under like circumstances.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. This request also calls for legal conclusions. Without waiving said objections, deny.**

19. Defendant Bekins accepted approximately $600.00 from Plaintiff Brooks on or about June, 2005.

5

**ANSWER:**

Bekins has made reasonable inquiry and the information known or readily obtainable is insufficient to enable Bekins to admit or deny the matter.

20. Defendant Bekins cleaned Plaintiff Brooks' household goods and furniture.

**ANSWER:**

Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. Without waiving said objections, Bekins has made reasonable inquiry and the information known or readily obtainable is insufficient to enable Bekins to admit or deny the matter.

21. Defendant Bekins wrapped Plaintiff Brooks' household goods and furniture.

**ANSWER:**

Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. Without waiving said objections, Bekins has made reasonable inquiry and the information known or readily obtainable is insufficient to enable Bekins to admit or deny the matter.

22. Defendant Bekins became aware that Plaintiff's household goods and furniture were damaged.

**ANSWER:**

Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. Without waiving said objections, Bekins admits that it became aware that a portion of Plaintiff's household goods and furniture were allegedly damaged. Bekins denies the remaining allegations and facts of this request.

23. Defendant Bekins became aware that Plaintiff's household goods and furniture were damaged while they were stored at White's storage facility.

**ANSWER:**

Bekins objects to this request, as the same requires speculation and improper

6

inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. Without waiving said objections, Bekins has made reasonable inquiry and the information known or readily obtainable is insufficient to enable Bekins to admit or deny the matter.

24. Bekins became aware, prior to or at the time of the delivery of some of Plaintiff's household goods and furniture, that Plaintiff's household goods and furniture were damaged while at White's storage facility.

**ANSWER:**

Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. Without waiving said objections, Bekins has made reasonable inquiry and the information known or readily obtainable is insufficient to enable Bekins to admit or deny the matter.

25. Some of Plaintiff's household goods and furniture were stolen from White's storage facility.

**ANSWER:**

Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. This request also calls for a legal conclusion. Without waiving said objections, Bekins has made reasonable inquiry and the information known or readily obtainable is insufficient to enable Bekins to admit or deny the matter.

26. Individuals who worked for Bekins knew that some of Plaintiff's household goods and furniture were stolen while the goods and furniture were at White's facility.

**ANSWER:**

Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. This request also calls for a legal conclusion. Without waiving said objections, Bekins admits that after Plaintiff reported his goods were allegedly stolen, and individuals who worked for Bekins knew that some of Plaintiff's household goods and furniture were allegedly stolen. Bekins has made reasonable inquiry and the information known or readily obtainable is insufficient to enable Bekins to admit or deny the remaining allegations and facts of this request.

7

27. Individuals who worked for White witnessed other individuals stealing Plaintiff's household goods and furniture.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. This request also calls for legal conclusions. Without waiving said objections, deny.**

28. Plaintiff hired Defendant Bekins to transport his household goods and furniture from White's storage facility to Plaintiff's home in Colorado.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. This request also calls for legal conclusions. Without waiving said objections, Bekins has made reasonable inquiry and the information known or readily obtainable is insufficient to enable Bekins to admit or deny the matter.**

29. Plaintiff hired Bekins to transport his household goods and furniture from his home in Colorado to Georgia.

**ANSWER:**

**Admit.**

30. Plaintiff hired Bekins to transport his motor vehicle from Colorado to Georgia.

**ANSWER:**

**Admit.**

31. Bekins acted on behalf of Plaintiff.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, unintelligible, and unlimited in time. This request also calls for**

legal conclusions.

32. Bekins acted on behalf of Plaintiff when it accepted Plaintiff's goods and furniture for transportation.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, unintelligible, and unlimited in time. This request also calls for legal conclusions.**

33. Bekins had complete authority to transport Plaintiff's household goods or furniture in its possession, as it alone saw fit.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, unintelligible, and unlimited in time. This request also calls for legal conclusions.**

34. Bekins loaded Plaintiff's household goods and furniture from Plaintiff's Colorado home into a trailer with no interior lighting.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. This request also calls for a legal conclusion. Without waiving said objections, Bekins admits the lights inside the trailer Plaintiff's household goods and furniture were loaded upon were temporarily out. Bekins further states that the loading took place in severe, wintry conditions. Bekins further states that Plaintiff provided lighting for the trailer. Bekins denies the remaining allegations and facts of this request.**

35. Bekins loaded Plaintiff's household goods and furniture from Plaintiff's Colorado home into a trailer that was too small to accommodate all of Plaintiff's household goods and furniture.

**ANSWER:**

**Bekins objects to this request, as the same requires speculation and improper**

inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague and ambiguous. Without waiving said objections, Bekins admits that Plaintiff's automobile was unable to fit onto the trailer with all of Plaintiff's household goods and furniture. Bekins has made reasonable inquiry and the information known or readily obtainable is insufficient to enable Bekins to admit or deny the remaining allegations and facts of this request.

36. Bekins charged Plaintiff a "transport fee" for the transportation of Plaintiff's car from Plaintiff's residence to a storage facility.

ANSWER:

Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. This request also calls for a legal conclusion.

37. Bekins did not deliver all of the household goods and furniture which it previously had in its possession to Plaintiff's Georgia home on or before November 5, 2005.

ANSWER:

Admit.

38. Bekins did not deliver Plaintiff's motor vehicle to Plaintiff's Georgia home on or before November 5, 2005.

ANSWER:

Admit.

39. Bekins refused to file a police report for Plaintiff's stolen household goods and furniture.

ANSWER:

Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. This request also calls for a legal conclusion. Without waiving said objections, Bekins admits it did not file a police report. Bekins further states that it instructed Richard Reed to file a report, and Reed attempted to do so, but the police in Denver reportedly would not allow him to do so. Bekins denies the remaining allegations and facts of this request.

40. Bekins refused to assist Plaintiff in repairing his goods and furniture.

**ANSWER:**

 **Deny.**

41. Bekins refused to assist Plaintiff in finding his missing goods and furniture.

**ANSWER:**

 **Deny.**

42. Bekins' refusals to assist Plaintiff were extreme and outrageous.

**ANSWER:**

 **Bekins objects to this request, as the same requires speculation, improper inferences to be drawn by Bekins in order for it to admit or deny this request, and also calls for a legal conclusion. Without waiving said objections, deny.**

43. Deborah Graves was an employee of Bekins.

**ANSWER:**

 **Deny.**

44. Willy Williams was a driver for Bekins.

**ANSWER:**

 **Bekins objects to this request, as the same requires speculation and also calls for a legal conclusion. Without waiving said objections, Bekins admits Willy Williams was a driver for a Bekins agent. Bekins denies the remaining allegations and facts of this request.**

45. Willy Williams was an independent contractor for Bekins.

**ANSWER:**

 **Bekins objects to this request, as the same calls for a legal conclusion. Without**

**waiving said objections, deny.**

46. Bekins requires shippers to file warranty/delay claims within 30 days from delivery of shipper's goods.

**ANSWER:**

  **Admit.**

47. Plaintiff contacted Bekins personnel in an effort to find his missing household goods and furniture.

**ANSWER:**

  **Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also unlimited in time. Without waiving said objections, Bekins admits Plaintiff contacted Bekins personnel in an effort to find his allegedly missing household goods and furniture. Bekins has made reasonable inquiry and the information known or readily obtainable is insufficient to enable Bekins to admit or deny the remaining allegations and facts of this request.**

48. Plaintiff contacted Bekins personnel in order to determine how his household goods and furniture were damaged.

**ANSWER:**

  **Bekins objects to this request, as the same requires speculation and improper inferences to be drawn by Bekins in order for it to admit or deny this request. This request is also vague, ambiguous, and unlimited in time. Without waiving said objections, Bekins admits Plaintiff contacted Bekins personnel regarding his allegedly damaged household goods and furniture, but Bekins has no personal knowledge and is not competent to answer to the mental state of Plaintiff's purpose or determination in contacting Bekins. Bekins has made reasonable inquiry and the information known or readily obtainable is insufficient to enable Bekins to admit or deny the remaining allegations and facts of this request.**

49. Bekins personnel informed Plaintiff that claims for damage to household goods and furniture must be filed within 30 days from the date the carrier delivered the goods.

**ANSWER:**

  **Deny.**

50. Bekins failed to send Plaintiff written notice of receipt of his claim for property damage.

**ANSWER:**

   **Deny.**

51. Bekins failed to send Plaintiff electronic notice of receipt of his claim for property damage,

**ANSWER:**

   **Deny.**

52. Bekins failed to promptly investigate Plaintiff's claims for property damage.

**ANSWER:**

   **Bekins objects to this request, as the same requires speculation, improper inferences to be drawn by Bekins in order for it to admit or deny this request, and also calls for a legal conclusion. Without waiving said objections, deny.**

53. Bekins failed to thoroughly investigate Plaintiff's claims for property damage.

**ANSWER:**

   **Bekins objects to this request, as the same requires speculation, improper inferences to be drawn by Bekins in order for it to admit or deny this request, and also calls for a legal conclusion. Without waiving said objections, deny.**

54. Bekins failed to communicate a settlement offer to Plaintiff within 120 days of his November 28, 2005 claim for property damage.

**ANSWER:**

   **Bekins objects to this request, as the same requires speculation, improper inferences to be drawn by Bekins in order for it to admit or deny this request, and also calls for a legal conclusion. This request is vague and ambiguous. This request does not separately set forth individual requests for admissions of matters, but combines several matters in one request. Without waiving said objections, deny. Plaintiff submitted a "Statement of Claim" for property damage on December 15, 2005. Plaintiff submitted a warranty/delay claim on November 28, 2005.**

13

55. After Plaintiff filed his claim for property damage, Bekins failed to notify him that a dispute settlement program was available to resolve his property damage claims.

**ANSWER:**

**Bekins admits it did not notify Plaintiff that a dispute settlement program was available to resolve property damage claims *after* Plaintiff filed a claim for property damage. Bekins further states that Plaintiff was provided such information before his move from Nevada and before his move from Colorado. Bekins denies the remaining allegations and facts of this request.**

DATED:        November 2nd, 2006

Respectfully submitted,

BEKINS VAN LINES, LLC

By: _____
One of Its Attorneys

Dennis E. French
ARDC No. 3126101
Jonathan P. Stringer
ARDC No. 6276011
Dombroff & Gilmore, P.C.
10 South La Salle Street, Suite 1120
Chicago, Illinois 60603
Tel: (312) 781 – 0200
Fax: (312) 781 – 0800
Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned attorney deposes and states that a copy of this document was served upon:

Mr. Jeffrey Grant Brown
Converse & Brown, LLC
105 West Adams Street
Suite 3000
Chicago, IL 60603

by hand delivery before 5:00 PM, on the 2nd day of November, 2006.

Jonathan Stringer

15