UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOUGLAS BROOKS,                )
                               )
         Plaintiff,            )
                               )
    v.                         )   Case No. 06 C 1613
                               )
BEKINS VAN LINES, LLC, a       )   Magistrate Judge
Delaware limited liability     )   Arlander Keys
company, and NATIONAL MOVING   )
& STORAGE, Inc.,               )
                               )
         Defendants.           )

## MEMORANDUM OPINION AND ORDER

This case arose out of a move gone wrong. Douglas Brooks sued for damages incurred during the course of an interstate move handled by the defendants. Ultimately, the parties entered into a settlement agreement that resolved all of Mr. Brooks' claims. As part of the written settlement agreement, the parties agreed to appear before this Court to try to settle the only remaining disputed issue, the issue of attorneys' fees. They were unable to reach an agreement concerning fees, and the issue is now before the Court.

In his petition for fees, Mr. Brooks seeks attorney's fees in the amount of $134,521.23, plus another $2,015.21 in costs. He argues that he is entitled to fees under 49 U.S.C. §§14708(d) and 14704. The former provides that

> [i]n any court action to resolve a dispute between a shipper of household goods and a carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 concerning the transportation of household goods by such carrier, the

shipper shall be awarded reasonable attorney's fees if—

>    (1) the shipper submits a claim to the carrier within 120 days after the date the shipment is delivered or the date the delivery is scheduled, whichever is later;
>
>    (2) the shipper prevails in such court action; and
>
>    (3)(A) the shipper was not advised by the carrier during the claim settlement process that a dispute settlement program was available to resolve the dispute;
>
>    (B) a decision resolving the dispute was not rendered through arbitration under this section within the period provided under subsection (b)(8) of this section or an extension of such period under such subsection; or
>
>    (C) the court proceeding is to enforce a decision rendered through arbitration under this section and is instituted after the period for performance under such decision has elapsed.

49 U.S.C. §14708(d) (1997 & Supp. 2007).

Mr. Brooks submitted his claim to Bekins within the time required by subparagraph (1) and he could just as clearly satisfy subparagraphs (3)(A) or (3)(B). The question, based upon a challenge by Bekins, is whether Mr. Brooks prevailed in this action. Where a suit is settled, the question of whether a plaintiff "prevailed" can be complicated; "the mere fact that plaintiff obtained some recovery does not automatically make [him] a prevailing party because defendants often settle even meritless lawsuits." *Fisher v. Kelly*, 105 F.3d 350, 352 (7th Cir. 1997)(citing *Hooper v. Demco, Inc.*, 37 F.3d 287, 292 (7th Cir. 1994)). And "[e]ven if plaintiff is a prevailing party, the

2

district court may deny attorney's fees - on the ground that no amount of fees would be reasonable - if plaintiff's recovery is merely technical or de minimis." Fisher, 105 F.3d at 352 (citing Farrar v. Hobby, 506 U.S. 103, 114-16 (1992); Johnson v. Lafayette Fire Fighters Ass'n, 51 F.3d 726, 731 (7th Cir. 1995); Cartwright v. Stamper, 7 F.3d 106, 109 (7th Cir. 1993)). Mr. Bekins' recovery can hardly be characterized as technical or de minimis; Bekins paid $100,000, exclusive of fees and costs, to settle all of Mr. Brooks' claims. He prevailed. And, having satisfied all of the necessary criteria, he is entitled to fees under §14708(d).

The question remains, how much should he be awarded? As an alternative to its argument that counsel is not entitled to any fees, Bekins argues that, to the extent the Court decides to award fees, any award must reflect the actual degree of success enjoyed by Mr. Brooks with regard to his claims. More specifically, Bekins argues that it would be unreasonable to allow counsel to recover fees totaling more than the actual amount paid out by Bekins. Indeed, Bekins argues, given that Mr. Brooks will actually receive less than $45,000 (the remainder of the $100,000 goes to CHUBB, which had already paid off on Mr. Brooks' claim), the requested fee award exceeds by more than three times the amount of money paid to Mr. Brooks. This, Bekins argues, is inappropriate.

In determining the reasonableness of attorney's fees, however, the Seventh Circuit "has rejected the notion that the fees must be calculated proportionally to damages." *Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187, 194 (7th Cir. 1994)(citing *Wallace v. Mulholland,* 957 F.2d 333, 339 (7th Cir. 1992); *Estate of Borst,* 979 F.2d 511, 516-517 (7th Cir. 1992)). More recently, and in another context, the court has held that there are no "mechanical rules requiring that a reasonable attorney's fee be no greater than some multiple of damages claimed or recovered"; but "proportionality concerns are a factor in determining what a reasonable attorney's fee is." *Moriarty v. Svec,* 233 F.3d 955, 967-68 (citing *Connolly v. National Sch. Bus Serv., Inc.,* 177 F.3d 593, 597 (7th Cir. 1998); *City of Riverside v. Rivera,* 477 U.S. 561, 585-86 & n. 3 (1986)(opinion of Powell, J.); *Perez v. Z Frank Oldsmobile, Inc.,* 223 F.3d 617, 625-26 (7th Cir. 2000); *Cole v. Wodziak,* 169 F.3d 486, 488 (7th Cir. 1999)).

The starting point in the Court's analysis of reasonable attorneys' fees, as Mr. Brooks correctly notes, is the "lodestar" amount – the calculation of the number of hours reasonably expended on the case, multiplied by the appropriate hourly rate for the various attorneys who performed that work. *E.g., Udani v. Benny's Moving & Storage, Inc.,* No. 05 C 0360, 2006 WL 1799699, at \*2 (E.D. Wis. June 28, 2006)(citing *Rini v. United Van Lines, Inc.,* 903 F.Supp. 234, 237 (D. Mass. 1995)). The

4

Court may then discount or reduce the lodestar based on various factors, including (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount in controversy and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) attorneys' fees awards in similar cases. *Id.* (citing *Bankston v. State of Illinois*, 60 F.3d 1249, 1255 (7th Cir. 1995); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Calculating the lodestar "can be a challenging task"; "[a]fter all, hindsight is 20-20, and actions taken that appear in the rearview mirror to be unreasonable might have seemed quite reasonable at the time they were actually taken." *Udani*, 2006 WL 1799699, at *3. The Court has reviewed with an extremely fine-toothed comb the invoices submitted by counsel. The invoices reflect the following in terms of time:

5

| Rate | | Time in Hours[1] | | Fees |
|---|---|---|---|---|
| 305.00 | x | 36.75 | = | 11,208.75 |
| 275.00 | x | 103.43334 | = | 28,444.17 |
| 250.00 | x | .25 | = | 62.50 |
| 175.00 | x | 447.36649 | = | 78,289.14 |
| 165.00 | x | 63.08338 | = | 10,408.76 |
| 75.00 | x | 12.48332 | = | 936.25 |
| **TOTAL** | | | **=** | **$129,349.57** |

Along with the petition for fees, Mr. Brooks submitted an affidavit from Jeffrey Grant Brown; Mr. Brown and his law firm, Converse & Brown, represented Mr. Brooks in the action against Bekins from December 2005, when he retained them, through the settlement of this matter and to the present time. *See* Affidavit of Jeffrey Grant Brown (attached as Exhibit 3 to Plaintiff's Petition for Statutory Attorney's Fees). In his affidavit, Mr. Brown sets forth the billing rates charged for himself and the various attorneys who worked on Mr. Brooks' case during the relevant time period; he argues that the reasonable rate for his time is $305/hour; the reasonable rate for his associates' time

---

[1] As an aside, in all its years on the bench, this Court has never seen attorney time recorded in such tiny increments; the attorneys working on this case calculated their time out five places to the right of the decimal point. Such time entries might be seen as reflecting a model of efficiency in terms of capturing time spent on a task. But at some point, in this Court's view, the time records become ridiculous, and this firm passed that point by at least two places.

is $185/hour for Amanda Tiebert and Clay Wortham, $165 for Catherine Sons, and $75/hour for Alice Ye, who was a law student when she worked on the case. See Brown Affidavit, ¶¶4-5. In support of his claim that these rates are reasonable, Mr. Brown submitted an affidavit from James X. Bormes and a declaration from John G. Jacobs, two other attorneys who, like Mr. Brown, have their own practices handling complex civil litigation; both state that, in their view, $305/hour was a reasonable rate for Mr. Brown's time - indeed, given his level of experience, it's a bargain compared with market rates. See Affidavit of James X. Bormes, ¶8; Declaration of John G. Jacobs, ¶5 (both are attached to Plaintiff's Petition for Statutory Attorney's Fees). Bekins has not challenged the rates requested by Mr. Brooks. And the Court accepts that they are reasonable. The only problem is that the rates are higher than those reflected on the invoices used to bill time spent on Mr. Brooks' case, and the Court cannot see why Bekins should be charged a higher rate than Mr. Brooks would have been charged. Accordingly, the Court finds that the reasonable rates are as follows: for Mr. Brown, $275/hour; for Ms. Tiebert and Mr. Wortham, $175/hour; for Ms. Sons, $165/hour, and, for Ms. Ye, $75/hour. Using these rates, multiplied by the time reflected above, the Court finds that the lodestar amount is $128,253.32.

Given the relatively complex nature of the case, the

contentiousness between the parties, and the amount of time counsel was required to devote to this case, the Court is not inclined to make blanket reductions to the lodestar amount. But, based upon its review of the invoices, the Court is compelled to reduce the amount for fees that are clearly not reasonable. First, although the Court generally recognizes that a case brought under the Carmack Amendment may take some degree of skill, some of the time entries on the invoices reflect tasks that would seem to be purely clerical or administrative in nature, and a reduction for those types of charges is, therefore, appropriate. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)(affirming decision to disallow time spent by an attorney and paralegal on essentially clerical or secretarial tasks); *Seamon v. Barnhart*, No. 05 C 0013-C, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006)(reducing a fee award for time spent by attorneys on clerical tasks such as filing briefs, sending out proof of service, etc.). *See also Hensley v. Eckerhart*, 461 U.S. 424 (1983)(fees for "excessive, redundant or otherwise unnecessary" hours should be disallowed). In this regard, the Court will disallow the following time: billed at the rate of $275/hour, .3 hours billed on 3/7/06 and .5 billed on 6/23/06; billed at the rate of 175/hour, .23333 on 2/14/06, .08333 on 2/24/06, .31667 on 3/3/06, .16667 on 3/7/06, .65 on 6/26/06, .78333 on 8/21/06, .18333 on 8/31/06, 1.08333 on 9/1/06,

8

.36667 and .16667 on 9/22/06, .016667 on 9/29/06, .2 on 11/1/06, .65 on 11/17/06, .61667 on 12/1/06, .98333 on 12/4/06, .3 and 2.28333 on 12/8/06, 3.36667 on 1/26/07, 1.78333 and .61667 on 1/30/07, .41667 on 2/20/07, .78333 on 2/22/07, .85 on 3/1/07, .06667 on 3/8/07, .15 on 3/12/07, and .38333 on 3/20/07; billed at the rate of $165/hour, .3 on 8/6/07, 1.13333 on 8/17/07, and .41667 and .25 on 9/13/07; and billed at the rate of $75/hour, .23333 on 2/14/06, .5 on 3/3/06, .26667 on 6/26/06, .48333 on 6/30/06, .25 on 11/8/06, .28333 on 12/5/06, .33333 on 1/30/07, .16667 on 3/7/07, and .1 on 3/9/07. The Court will also disallow a duplicate entry on 7/13/06 for 1.76667 hours billed at $175/hour. The total reduction for administrative, clerical and redundant entries is $4,243.59.

Second, the Court has determined that the amount of time spent on certain tasks was unreasonable, relative to the complexity of the services provided. For example, Mr. Brown's associates spent roughly 18 hours drafting – just drafting – the complaint and more than 19 hours drafting the amended complaint; neither of these figures includes any research time. This is excessive, and the Court will reduce each by 50%, for an overall reduction of $3,062.50. Additionally, Mr. Brown and his associates spent in excess of 29 hours on a summary judgment reply brief; again, this is excessive and the Court will disallow $2,537.50 from these fees. Finally in this regard, Mr. Brown and

his associates spent an inordinate amount of time preparing for Mrs. Brooks' deposition; Mr. Brown spent 2.95 hours (and he did not even defend the deposition) and Ms. Tiebert spent almost ten hours, not including the time spent traveling to, and defending the deposition. The Court will disallow $1,450 from these fees.

Next, the Court will deduct $247.50 from the billing entry on 3/15/06; the time entry is for .1 hours, yet it was billed as if it was 1.0 hours. The Court will also disallow the 1.9 hours Ms. Tiebert wasted at the Daley Center on 6/15/06 (for a total reduction of $332.50).

Next, the Court will disallow the entry on 5/8/07 reflecting 21.33333 of very expensive attorney time to draft a letter to Chubb's counsel; 21 hours is simply way too much time for a lawyer to be spending on a letter - especially one written about a fairly benign issue to another lawyer with whom the relationship is less than adversarial. The total reduction here is $5,866.67.

With regard to costs, the Court notes that the invoices included with the fee petition reflect costs totaling $2,158.77. The bulk of these charges are not recoverable. The Court will disallow the "Brooks deposition transcript" cost listed on the June 5, 2007 invoice because the Court has no way of knowing whether those charges fall within the maximum rates allowed; Mr. Brooks has not disclosed, for example, how long the transcript

is, or what per page copying rate the court reporter charged. The Court will also disallow the firm's Westlaw charges, as such charges are presumably already reflected in the hourly rates charged by the lawyers; so too the separately itemized charge for attending a hearing on 3/19/07. *See, e.g., Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 409 (7th Cir. 2000). The Court will also disallow what can only be considered overhead; here, they are listed as cell phone roaming charges. After taking these issues into account, the Court will allow Mr. Brooks to recover costs and expenses in the amount of $691.42.

## Conclusion

For the reasons explained above, the Court grants in part Mr. Brooks' Petition for Statutory Attorney's Fees. Bekins is directed to pay attorney's fees in the amount of $110,513.06 and costs and expenses in the amount of $691.42, for a total award of $111,204.48.

Dated: January 22, 2008

ENTER:

*[signature: Arlander Keys]*

ARLANDER KEYS
United States Magistrate Judge